IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,                    No. C 11-02058 CW (PR)

          Plaintiff,                    ORDER OF DISMISSAL;
                                        TERMINATING ALL PENDING MOTIONS
     v.

WARDEN FONG, et al.,

          Defendants.
_____/

     Plaintiff, a state prisoner currently incarcerated at
California State Prison - Solano, has filed a pro se civil rights
action pursuant to 42 U.S.C. § 1983.  He has been granted leave to
proceed in forma pauperis.  Plaintiff's complaint is now before the
Court for review pursuant to 28 U.S.C. § 1915A.

                         BACKGROUND

     Plaintiff complains that on April 4, 2009, when he was
incarcerated at San Quentin State Prison (SQSP), a correctional
officer authored a false rules violation report (RVR) charging
Plaintiff with threatening him.  As a result, in May 2009 Plaintiff
was found guilty of the charge at a disciplinary hearing, sentenced
to a term in administrative segregation in the security housing
unit (SHU) and forfeited 150 days of time credits.

     Shortly after the hearing, Plaintiff was released on parole on
May 19, 2009.  He subsequently was arrested in June 2009 and
returned to SQSP on November 17, 2009, after being found in
violation of parole and guilty of a new criminal offense.  When
Plaintiff returned to SQSP, the Institutional Classification
Committee (ICC) elected to reimpose the SHU term that had been
suspended when Plaintiff was released on parole; on January 13,

2010, the ICC suspended the remainder of the term and released Plaintiff to the general population.

Plaintiff claims he should not have been found guilty at the May 2009 disciplinary hearing, and seeks the restoration of the forfeited 150 days of time credits, the removal of the RVR from his prison file and damages for the time he spent in the SHU because of the finding of guilt.

Additionally, Plaintiff asks the Court to "fix the unfit conditions" in the SHU at SQSP by, for example, removing the bugs and rats and fixing the broken lights.  Compl. at 3 ¶ V.

DISCUSSION

I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

2

II.  Plaintiff's Claims

Plaintiff's allegations concerning his alleged unlawful disciplinary proceeding do not state a claim for relief under § 1983.  As an initial matter, it appears that Plaintiff's request for the restoration of his forfeited time credits is moot because the attachments to Plaintiff's complaint indicate that Plaintiff was not assessed any credit loss when his new eligible release dates were calculated upon his return to SQSP in November 2009.

Further, even if Plaintiff's request is not moot, it is not cognizable in a civil rights action because the request is premised upon a challenge to the duration of Plaintiff's confinement. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Hill v. McDonough, 547 U.S. 573, 579 (2006) (internal quotation and citation omitted).  Thus, to the extent a prisoner maintains he is entitled to "immediate or speedier release" from confinement, such a claim may be asserted only in a petition for a writ of habeas corpus. See Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011)(internal citation and quotation omitted).

If Plaintiff wishes to directly challenge the disciplinary action that resulted in the forfeiture of time credits, he must do so in a petition for a writ of habeas corpus after he has exhausted his state judicial remedies.  See Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).  Accordingly, this claim is DISMISSED

United States District Court
For the Northern District of California

without prejudice to Plaintiff's bringing a habeas corpus action once state remedies have been exhausted.

Additionally, Plaintiff cannot pursue any claim for damages or injunctive relief that, if successful, necessarily would call into question the validity of his conviction or confinement. Heck v. Humphrey, 512 U.S. 477 (1994), holds that in order to state a claim for damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of 42 U.S.C. § 1983 must prove that the conviction or sentence has been reversed or declared invalid. Id. at 486-87. If success in the § 1983 lawsuit would necessarily demonstrate the invalidity of the confinement or its duration, the § 1983 lawsuit is barred, irrespective of whether the plaintiff seeks monetary damages or equitable relief. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

Heck bars a claim of unconstitutional deprivation of time credits because such a claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement, i.e., it implicates the duration of the plaintiff's sentence. See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996); cf. Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (where a claim would, if successful, "necessarily accelerate" the prisoner's release on parole, Heck applies). Heck also bars a claim for using the wrong Wolff v. McDonnell, 418 U.S. 539 (1974), procedures in a disciplinary hearing that resulted in the deprivation of time credits if "the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment." Edwards

4

United States District Court
For the Northern District of California

1    v. Balisok, 520 U.S. 641, 645 (1997).

2        Here, Plaintiff claims he was denied the opportunity to

3    present at his disciplinary hearing an audiotape that would have

4    shown that the correctional officer who wrote the RVR was lying

5    about Plaintiff's having threatened him.  If Plaintiff succeeded on

6    his claim for damages, that success would imply the invalidity of

7    the discipline imposed, i.e., the loss of time credits.  Therefore,

8    Plaintiff's claim for damages and for the removal of the RVR from

9    his prison file are DISMISSED without prejudice to Plaintiff's

10   bringing those claims in a new action if the credit forfeiture is

11   reversed or declared invalid.

12       Finally, Plaintiff seeks injunctive relief to remedy the

13   conditions of confinement in the SHU at SQSP.  Because Plaintiff no

14   longer is incarcerated at SQSP, however, his request is DISMISSED

15   as moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir.

16   1995).  Additionally, Plaintiff cannot proceed with a claim for

17   damages for the alleged unlawful conditions of his confinement in

18   the SHU because it is clear from the complaint and attachments

19   thereto that he did not exhaust his administrative remedies before

20   he filed suit.

21       No confined inmate may bring an action with respect to prison

22   conditions under 42 U.S.C. § 1983 "until such administrative

23   remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

24   The exhaustion requirement is mandatory and must be completed

25   before the prisoner files suit.  Porter v. Nussle, 534 U.S. 516,

26   524 (2002).  If it is clear from the record that the prisoner has

27   conceded that he did not exhaust administrative remedies, a claim

28   may be dismissed without prejudice.  See Wyatt v. Terhune, 315 F.3d

5

1108, 1120 (9th Cir. 2003).

Plaintiff states that he has attached to his complaint the administrative appeals that show he exhausted his administrative remedies. A thorough review of the complaint and attachments thereto demonstrates, however, that Plaintiff exhausted through the Director's level of review only his claim concerning the validity of his disciplinary proceeding, and that he did so in 2010, after his return to prison in November 2009. Nowhere in his complaint does Plaintiff allege facts or provide documentation showing that in the approximately six weeks between his April 4, 2009 placement in the SHU and his May 19, 2009 release on parole, or at any time since his return to prison in November 2009, he exhausted through the Director's level of review a claim regarding the conditions of his confinement in the SQSP SHU. Accordingly, this claim is DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff may file a new action raising this claim if he first exhausts the claim through the administrative appeals process.

                              CONCLUSION

For the foregoing reasons, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

The Clerk of the Court shall enter judgment, close the file, and terminate any pending motions.

IT IS SO ORDERED.

Dated:  10/25/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

1   UNITED STATES DISTRICT COURT
    FOR THE
2   NORTHERN DISTRICT OF CALIFORNIA

3

4   (PC) JOHNSON et al,                          Case Number: CV11-02058 CW

5           Plaintiff,                           **CERTIFICATE OF SERVICE**

6     v.

7   FONG ET AL et al,

8           Defendant.
    _____/

9

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

11  That on October 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
12  envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located
    in the Clerk's office.

13

14

15  Paul Samuel Johnson F 41309
    California State Prison - Solano
16  P.O. Box 4000
    9 Building #148 low
17  2100 Peabody Road
    Vacaville,  CA 95969-4000

18

19  Dated: October 25, 2011

20                                    Richard W. Wieking, Clerk
                                      By: Nikki Riley, Deputy Clerk

21

22

23

24

25

26

27

28

7