IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN FONG, et al.,<br><br>    Defendants.<br>_____/ | No. C 11-02058 CW (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION; DIRECTING CLERK OF THE COURT TO NOTIFY THE NINTH CIRCUIT OF RULING<br><br>(Docket no. 38) |

In an Order dated October 25, 2011, the Court conducted, under 28 U.S.C. § 1915A, an initial review of the complaint filed in this action. The Court dismissed the complaint without prejudice and without leave to amend for the following reasons: (1) Plaintiff's request for the restoration of credits forfeited as the result of an alleged unlawful disciplinary hearing is moot because he ultimately was not assessed any credit loss; (2) even if not moot, such request is not cognizable in a civil rights action and must be brought in a petition for a writ of habeas corpus; (3) Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's damages claim based on the alleged unconstitutional deprivation of time credits because such claim necessarily calls into question the lawfulness of the duration of Plaintiff's sentence; (4) Plaintiff's claim for injunctive relief to remedy his alleged unlawful conditions of confinement at San Quentin State Prison (SQSP) is moot, because Plaintiff no longer is incarcerated there; (5) the allegations in the complaint, together with the documents attached thereto, show that Plaintiff did not exhaust administrative remedies with respect

to his SQSP injunctive relief claim prior to his filing the instant action.

Before the Court is Plaintiff's "Motion for Leave to File Amended Complaint."  A motion which challenges the Court's final judgment (in this case, the dismissal without prejudice and without leave to amend) may be brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441-42 (9th Cir. 1991).  Plaintiff's motion, which was filed within ten days of entry of judgment, will be treated as a motion to alter or amend judgment under Rule 59(e). See United States v. Nutri-Cology, Inc., 982 F.2d 394, 396-97 (9th Cir. 1992).[1]  "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  McDowell v. Calderon, 197 F.3d 1253, 1254 (9th Cir. 1999) (internal quotation and citation omitted).

In the present motion, Plaintiff seeks leave to file an amended complaint containing two claims for damages, specifically: (1) a claim for damages based on the alleged unlawful conditions of confinement he experienced when he was incarcerated at SQSP, and (2) a claim for damages based on the alleged unlawful actions of the correctional officer who testified falsely at his disciplinary hearing.  Plaintiff maintains that, contrary to the Court's finding in the Order of dismissal, he exhausted administrative remedies

---

[1] Plaintiff's motion is deemed filed on November 20, 2011, the date it was signed and delivered to prison authorities for mailing. See Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir. 1995).

2

with respect to both of these claims.  Plaintiff's assertion, however, is not supported by the information he provides in his motion or his proposed amended complaint.

In his original complaint, Plaintiff did not present a claim for damages based on the conditions of confinement at SQSP; instead, he sought only injunctive relief from those conditions. In the Order of dismissal, the Court found that the injunctive relief claim is moot, because Plaintiff no longer is at SQSP. Additionally, the Court found the injunctive relief claim is unexhausted, based on the allegations in the complaint and the documents attached thereto, which include copies of Plaintiff's administrative appeals.  Specifically, the Court determined the only claim Plaintiff had exhausted was the one challenging the validity of his disciplinary proceeding:

> Plaintiff states that he has attached to his complaint the administrative appeals that show he exhausted his administrative remedies. A thorough review of the complaint and attachments thereto demonstrates, however, that Plaintiff exhausted through the Director's level of review only his claim concerning the validity of his disciplinary proceeding, and that he did so in 2010, after his return to prison in November 2009. Nowhere in his complaint does Plaintiff allege facts or provide documentation showing that in the approximately six weeks between his April 4, 2009 placement in the SHU and his May 19, 2009 release on parole, or at any time since his return to prison in November 2009, he exhausted through the Director's level of review a claim regarding the conditions of his confinement in the SQSP SHU. Accordingly, this claim is DISMISSED without prejudice for failure to exhaust administrative remedies. Plaintiff may file a new action raising this claim if he first exhausts the claim through the administrative appeals process.

Oct.  25, 2011 Order at 6:2-18.

In neither his motion for reconsideration nor his proposed amended complaint does Plaintiff provide additional information

3

regarding exhaustion of his conditions of confinement claim. Instead, in support of his assertion that such claim is exhausted, he refers the Court to the administrative appeal documents he attached to his original complaint. As noted, however, the Court already has determined that those documents evidence only that Plaintiff exhausted his damages claim concerning the validity of his disciplinary proceeding, which claim has been dismissed without prejudice under Heck v. Humphrey, supra.

Plaintiff has not presented newly discovered evidence that shows he exhausted his conditions of confinement claim before filing this action, or that the Court erred when it dismissed his damages claim concerning his disciplinary proceeding. Accordingly, Plaintiff's motion for reconsideration under Rule 59(e) is DENIED.

The Clerk of the Court shall notify the Ninth Circuit of this ruling.

This Order terminates Docket no. 38.

IT IS SO ORDERED.

Dated: 1/17/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE