IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SAMUEL JOHNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>WARDEN FONG, et al.,<br><br>        Defendants. | Case No.: 11-02058 CW (PR)<br><br>ORDER DIRECTING PLAINTIFF TO FILE NON-PRISONER IN FORMA PAUPERIS APPLCATION, DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(Docket nos. 47, 51) |

INTRODUCTION

The Court granted Plaintiff, who at the time he filed the present complaint was a state prisoner proceeding pro se, leave to proceed in forma pauperis (IFP) in this civil rights action.[1] Upon review of the allegations in the complaint, the Court dismissed the complaint without prejudice and without leave to amend for the following reasons: (1) Plaintiff's request for the restoration of credits forfeited as the result of an alleged unlawful disciplinary hearing is moot because he ultimately was not assessed any credit loss; (2) even if not moot, such request is not cognizable in a civil rights action and must be brought in a petition for a writ of habeas corpus; (3) Heck v. Humphrey, 512 U.S. 477 (1994), bars Plaintiff's damages claim based on the alleged unconstitutional deprivation of time credits because such claim necessarily calls into question the lawfulness of the duration of Plaintiff's sentence; (4) Plaintiff's claim for

---
[1] Plaintiff no longer is incarcerated.

injunctive relief to remedy his alleged unlawful conditions of confinement at San Quentin State Prison (SQSP) is moot, because Plaintiff no longer is incarcerated there; (5) the allegations in the complaint, together with the documents attached thereto, show that Plaintiff did not exhaust administrative remedies with respect to his claim concerning unlawful conditions of confinement at SQSP. See Docket no. 35.

On appeal, the United States Court of Appeals for the Ninth Circuit affirmed this Court's order of dismissal with respect to all claims except Plaintiff's damages claim concerning unlawful conditions of confinement at SQSP. Docket no. 52. Specifically, the Ninth Circuit held that claim should not have been dismissed because it was not clear from the complaint and attachments thereto that the claim is unexhausted. Consequently, the case was remanded "for further proceedings consistent with this disposition." Id. at 2.

DISCUSSION

I. Plaintiff's IFP Status

Plaintiff filed the present pro se civil rights action and an application seeking leave to proceed IFP when he was incarcerated at the California State Prison - Solano. The Court granted Plaintiff IFP status, but later revoked that status when Plaintiff sought leave to proceed IFP on appeal. Docket nos. 34, 43.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). But, if the plaintiff is a prisoner who alleges that he is unable to pay the

2

full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. See 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. See id.

If a prisoner is released, however, the court will be unable to collect the funds from his prisoner trust account as required under 28 U.S.C. § 1915(b). Consequently, because Plaintiff has been released from custody, he now must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1), as set forth in the Conclusion of this Order.

II. Plaintiff's Conditions of Confinement Claim

Plaintiff's complaint, including attachments, is ninety-two pages long. It includes allegations concerning the claims that are no longer part of this action as well as Plaintiff's one remaining claim alleging unlawful conditions of confinement at SQSP. With respect to the latter, which is the only claim that remains at issue in this case, the allegations are lengthy and vague. See Docket no. 1.

Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Additionally, Rule 8(e) requires that each averment of a pleading be "simple, concise, and

direct." See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). While the federal rules require brevity in pleading, a complaint nevertheless must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation omitted).

Here, Plaintiff's claim for damages based on unlawful conditions of confinement at SQSP cannot proceed as plead because he has not clearly and concisely set forth his claim against any Defendant and has failed to provide information sufficiently simple, concise and direct for the Court to determine whether the allegations state a cognizable claim for relief. Accordingly, the complaint is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff may file an amended complaint that addresses only his claim of unlawful conditions of confinement at SQSP and cures the noted pleading deficiencies by alleging facts (1) that are sufficient for the Court to determine whether he states a claim for the violation of his constitutional rights, (2) that link each Defendant to the injury for which that Defendant is alleged to be responsible, and (3) that specify and link the relief he seeks to a particular Defendant or Defendants.[2]

---

[2] Plaintiff is informed that the Court will not consider in this action any claim other than the noted claim concerning unlawful conditions of confinement at SQSP. Further, while Plaintiff is not required to plead the exhaustion of administrative remedies in his amended complaint, he is informed that if the claim has not been exhausted it will be subject to dismissal.

4

C.  Motions for the Appointment of Counsel

Plaintiff's motions for the appointment of counsel are DENIED as premature.  The Court will not consider any motion for the appointment of counsel unless and until the complaint is ordered served.

                              CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  No later than <u>fourteen</u> days from the date of this Order, Plaintiff either shall (1) pay the $350.00 filing fee in this action, or (2) file a completed non-prisoner IFP application.

<u>If Plaintiff fails to timely pay the filing fee or file a completed non-prisoner IFP application, the case will be dismissed without prejudice and will be closed.</u>

2.  The complaint is DISMISSED with leave to amend.

Plaintiff shall file an amended complaint no later than <u>fourteen</u> days from the date of this Order.  He shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 11-2058 CW (PR), and the heading, "AMENDED COMPLAINT."

<u>If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed</u>.

3.  Plaintiff's motions for the appointment of counsel are DENIED.

4.  It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

5

Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

5. The Clerk of the Court shall update the docket to reflect Plaintiff's current address in Rohnert Park, and shall send Plaintiff a non-prisoner IFP application and a civil rights complaint form.

This Order terminates Docket nos. 47 and 51.

IT IS SO ORDERED.

Dated: 12/17/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE