1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  PAUL SAMUEL JOHNSON,

5          Plaintiff,

6      v.

7  WARDEN FONG, et al.,

8          Defendants.

9

Case No.: 11-02058 CW (PR)

ORDER DIRECTING PLAINTIFF TO FILE
NON-PRISONER IN FORMA PAUPERIS
APPLCATION, DISMISSING COMPLAINT
WITH LEAVE TO AMEND, AND DENYING
MOTIONS FOR APPOINTMENT OF COUNSEL

(Docket nos. 47, 51)

10

11                          INTRODUCTION

12      The Court granted Plaintiff, who at the time he filed the

13  present complaint was a state prisoner proceeding pro se, leave to

14  proceed in forma pauperis (IFP) in this civil rights action.[1]

15  Upon review of the allegations in the complaint, the Court

16  dismissed the complaint without prejudice and without leave to

17  amend for the following reasons: (1) Plaintiff's request for the

18  restoration of credits forfeited as the result of an alleged

19  unlawful disciplinary hearing is moot because he ultimately was

20  not assessed any credit loss; (2) even if not moot, such request

21  is not cognizable in a civil rights action and must be brought in

22  a petition for a writ of habeas corpus; (3) Heck v. Humphrey, 512

23  U.S. 477 (1994), bars Plaintiff's damages claim based on the

24  alleged unconstitutional deprivation of time credits because such

25  claim necessarily calls into question the lawfulness of the

26  duration of Plaintiff's sentence; (4) Plaintiff's claim for

27  ────────────────────

28      [1] Plaintiff no longer is incarcerated.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  injunctive relief to remedy his alleged unlawful conditions of

2  confinement at San Quentin State Prison (SQSP) is moot, because

3  Plaintiff no longer is incarcerated there; (5) the allegations in

4  the complaint, together with the documents attached thereto, show

5  that Plaintiff did not exhaust administrative remedies with

6  respect to his claim concerning unlawful conditions of confinement

7  at SQSP.  <u>See</u> Docket no. 35.

8       On appeal, the United States Court of Appeals for the Ninth

9  Circuit affirmed this Court's order of dismissal with respect to

10 all claims except Plaintiff's damages claim concerning unlawful

11 conditions of confinement at SQSP.  Docket no. 52.  Specifically,

12 the Ninth Circuit held that claim should not have been dismissed

13 because it was not clear from the complaint and attachments

14 thereto that the claim is unexhausted.  Consequently, the case was

15 remanded "for further proceedings consistent with this

16 disposition."  <u>Id.</u> at 2.

17                          DISCUSSION

18 I.   Plaintiff's IFP Status

19      Plaintiff filed the present <u>pro se</u> civil rights action and an

20 application seeking leave to proceed IFP when he was incarcerated

21 at the California State Prison - Solano.  The Court granted

22 Plaintiff IFP status, but later revoked that status when Plaintiff

23 sought leave to proceed IFP on appeal.  Docket nos. 34, 43.

24      Ordinarily, a plaintiff is permitted to file a civil action

25 in federal court without prepayment of fees or security if he

26 alleges in an affidavit that he is unable to pay such fees or give

27 security therefor.  <u>See</u> 28 U.S.C. § 1915(a).  But, if the

28 plaintiff is a prisoner who alleges that he is unable to pay the

**United States District Court**
For the Northern District of California

1  full filing fee at the time of filing, he will be required to pay

2  the full amount of the filing fee even if he is granted IFP

3  status.  See 28 U.S.C. § 1915(b)(1).  This is done by way of an

4  "installment plan," whereby the court will assess an initial

5  payment, and the prisoner will be required thereafter to make

6  monthly payments of twenty percent of the preceding month's income

   credited to his prison trust account.  See id.

7       If a prisoner is released, however, the court will be unable

8  to collect the funds from his prisoner trust account as required

9  under 28 U.S.C. § 1915(b).  Consequently, because Plaintiff has

10  been released from custody, he now must apply to proceed IFP under

11  the general provisions of 28 U.S.C. § 1915(a)(1), as set forth in

12  the Conclusion of this Order.

13  II.  Plaintiff's Conditions of Confinement Claim

14       Plaintiff's complaint, including attachments, is ninety-two

15  pages long.  It includes allegations concerning the claims that

16  are no longer part of this action as well as Plaintiff's one

17  remaining claim alleging unlawful conditions of confinement at

18  SQSP.  With respect to the latter, which is the only claim that

19  remains at issue in this case, the allegations are lengthy and

20  vague.  See Docket no. 1.

21       Rule 8(a) of the Federal Rules of Civil Procedure requires

22  that the complaint set forth a "short and plain statement of the

23  claim showing that the pleader is entitled to relief."  A

24  complaint that fails to state the specific acts of the defendant

25  that violated the plaintiff's rights fails to meet the notice

26  requirements of Rule 8(a).  See Hutchinson v. United States, 677

27  F.2d 1322, 1328 n.5 (9th Cir. 1982).  Additionally, Rule 8(e)

28  requires that each averment of a pleading be "simple, concise, and

United States District Court

For the Northern District of California

1    direct."  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996)

2    (affirming dismissal of complaint that was "argumentative, prolix,

3    replete with redundancy, and largely irrelevant").  While the

4    federal rules require brevity in pleading, a complaint

5    nevertheless must be sufficient to give the defendants "fair

6    notice" of the claim and the "grounds upon which it rests."

7    Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quotation and citation

8    omitted).

9        Here, Plaintiff's claim for damages based on unlawful

10   conditions of confinement at SQSP cannot proceed as plead because

11   he has not clearly and concisely set forth his claim against any

12   Defendant and has failed to provide information sufficiently

13   simple, concise and direct for the Court to determine whether the

14   allegations state a cognizable claim for relief.  Accordingly, the

15   complaint is DISMISSED for failure to state a claim upon which

16   relief may be granted.  Plaintiff may file an amended complaint

17   that addresses only his claim of unlawful conditions of

18   confinement at SQSP and cures the noted pleading deficiencies by

19   alleging facts (1) that are sufficient for the Court to determine

20   whether he states a claim for the violation of his constitutional

21   rights, (2) that link each Defendant to the injury for which that

22   Defendant is alleged to be responsible, and (3) that specify and

23   link the relief he seeks to a particular Defendant or Defendants.[2]

24        [2] Plaintiff is informed that the Court will not consider in
25   this action any claim other than the noted claim concerning
     unlawful conditions of confinement at SQSP.  Further, while
26   Plaintiff is not required to plead the exhaustion of
     administrative remedies in his amended complaint, he is informed
27   that if the claim has not been exhausted it will be subject to
     dismissal.
28

                                      4

United States District Court

For the Northern District of California

C.   Motions for the Appointment of Counsel

Plaintiff's motions for the appointment of counsel are DENIED as premature.  The Court will not consider any motion for the appointment of counsel unless and until the complaint is ordered served.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.   No later than <u>fourteen</u> days from the date of this Order, Plaintiff either shall (1) pay the $350.00 filing fee in this action, or (2) file a completed non-prisoner IFP application.

<u>If Plaintiff fails to timely pay the filing fee or file a completed non-prisoner IFP application, the case will be dismissed without prejudice and will be closed.</u>

2.   The complaint is DISMISSED with leave to amend.

Plaintiff shall file an amended complaint no later than <u>fourteen</u> days from the date of this Order.  He shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 11-2058 CW (PR), and the heading, "AMENDED COMPLAINT."

<u>If Plaintiff fails to timely file an amended complaint in conformity with this Order, the case will be dismissed without prejudice and will be closed</u>.

3.   Plaintiff's motions for the appointment of counsel are DENIED.

4.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

5

**United States District Court**
For the Northern District of California

1   Failure to do so may result in the dismissal of this action,

2   pursuant to Federal Rule of Civil Procedure 41(b), for failure to

3   prosecute.

4        5.   The Clerk of the Court shall update the docket to

5   reflect Plaintiff's current address in Rohnert Park, and shall

6   send Plaintiff a non-prisoner IFP application and a civil rights

7   complaint form.

8        This Order terminates Docket nos. 47 and 51.

9        IT IS SO ORDERED.

10  Dated: 12/17/2012

11                                    _____
                                      CLAUDIA WILKEN
12                                    UNITED STATES DISTRICT JUDGE